UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:15-cv-69-T-23TBM

CAREL A. PRATER
_____/

**O R D E R**

Prater is imprisoned for 336 months and owes $440,069.12 in restitution based on his convictions for one count of interfering with the administration of the internal revenue laws of the United States, one count of aiding or assisting in the filing of a false tax return, two counts of failing to file a tax return, four counts of criminal contempt, and three counts of making a false declaration before a grand jury. *United States v. Carl A. Prater*, 8:08-cr-425-T-23TGW. The convictions and sentences were affirmed in 2011 (Doc. 250) and a petition for a writ of *certiorari* was denied in 2012. (Doc. 254) Prater's request for an extension of time to file a motion to vacate under 28 U.S.C. § 2255 was denied. (Docs. 273 and 276) As a consequence, the one-year limitation expired in 2013 without a timely motion under Section 2255.

Prater files a "Petition for Constitutional Writ of Habeas Corpus." (Doc. 1) Prater is imprisoned for not paying his taxes and for convincing others either to file a fraudulent tax return or to not pay their taxes. As explained in his petition (Doc. 1 at 8), Prater believes that he is immune from federal law:

> I have never been a Federal United States citizen under the 14th Amendment or Title 8 I.N.A., I have always been a sovereign American in accordance with the declaration of independence and the American constitution and domiciled within one of the State Republics without the Federal United States. I do not earn any Federal wages or pay and I have not committed any offense or crime against the Federal United States nor any party. However I have been subjected to persecution under fraudulent pretense and claim of having committed some inapplicable to me Federal Statutory or Internal Revenue Service offense, and by force subjected to some mock trial proceedings in a Kangaroo court where no lawful procedure was exercised, and where I was not under any contractual obligation to any party purportedly bringing the complaint. The entire scenario has been a parody of judicial procedure in a kangaroo court engaged in a collusive joinder for monetary incentives, and has resulted in my false imprisonment. In order to accommodate the unlawful charade of judicial procedure the Officers of the Title 28 Tribunal failed to abide by or comply with the Federal Rules of Criminal Procedure 1 through 8, or the federal rules of civil procedure 1 through 17, as to do so would have ab initio estopped the fraudulent proceedings against Affiant, thus they avoided every procedural requirement necessary to obtain jurisdiction over Affiant, as the legitimate Federal United States can only execute legal action on behalf of the United States not some Third Party independent Agency, to wit, THE INTERNAL REVENUE SERVICE and under Statutes thereof which do not apply to Affiant.

Although he seeks a writ of habeas corpus, Prater specifically disclaims invoking jurisdiction under either 28 U.S.C. § 2241 or § 2255 (Doc. 1 at 27):

> Furthermore because Affiant is not A Federal Citizen, Resident, Employee, Contractor, Subject or Franchise, nor a licensed and registered corporation engaged in Public Commerce, (thus not regulable under Federal Commercial regulatory statutes or its Article I authority to regulate commerce), and because I do not partake in any Congressionally or Federal Administratively created right or privilege, and am not under any contractual obligation to the legitimate Federal United States, or THE UNITED STATES OF AMERICA INC. or any Agency thereof, I am not subject

> to the Public Rights or Public Policy Doctrines thereof nor the corrupt and convoluted summary Due Process procedures thereof governed by Title 5, [A.P.A]. Thus I hereby do not exercise some administratively created right or remedy under Non Positive law provisions of Title 28 USC § 2255 or 2241 (Federal Public Policy Administrative Civil Remedy), which has never applied to me in absence of some legitimate contractual obligation or proof positive that I am a Federal United States citizen, neither of which exist.

Instead, Prater attempts to invoke appellate jurisdiction (Doc 1 at 24):[*]

> This FEDERAL Court has explicit appellate jurisdiction and jurisdiction to entertain and grant writs of Habeas Corpus to address unconstitutional custody and restraint, 28 USC § 2241(a) "Writs of habeas corpus may be granted by the Supreme Court" also 28 USC § 1651(a) "The Supreme Court may issue all writs necessary or appropriate in aid of its jurisdiction, and agreeable to the usages and principles of law." In considering § 14 of the 1789 Judiciary Act, now 28 USC § 1651(a) this court recognized that the original writ of habeas corpus issue from the United States Supreme Court as part of its appellate jurisdiction. EX PARTE BOLLMAN, 8 U.S. (4 CRANCH) 75, 94-95. EX PARTE YERGER 75 U.S. @ 98-99, EX PARTE LANGE 85 U.S. (18 WALL) 163-166.

A basic principle of federal jurisdiction is "that federal courts have only such jurisdiction as Congress, by statute, has conferred upon them[, and this principle] is as valid with regard to the federal court's jurisdiction to grant petitions for writ of habeas corpus as it is with regard to any other action . . . ." 16A Federal Procedure: Lawyers Edition § 41:12 (Thomson/West 2007). Prater was sentenced in this district court. A district court has no appellate jurisdiction over itself. A district court's

---

[*] Prater's "petition" is apparently the same "petition" that the Supreme Court summarily denied. *In re Carel A. Prater*, No. 13-10236 denied, June 16, 2014. Prater appears to have redacted the word "Supreme" throughout the present "petition" and has handwritten the word "FEDERAL" into the typewritten paper.

jurisdiction to issue a writ of habeas corpus is limited to the grant of authority authorized by Congress in 28 U.S.C. § 2241 and § 2255, the statutory provisions Prater specifically disclaims.  As a consequence, Prater fails to properly invoke federal jurisdiction.

Accordingly, the "Petition for Constitutional Writ of Habeas Corpus" (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.  The clerk must close this case.

ORDERED in Tampa, Florida, on February 11, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE